

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BRITTON CLARK, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:19-02288-MGL-PJG |
| | § | |
| AMERICAN MULTI-CINEMA, INC., | § | |
| Defendant. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
HOLDING IN ABEYANCE DEFENDANT'S MOTION TO DISMISS,
AND ORDERING A JURY TRIAL**

Plaintiff Britton Clark (Clark) filed this action against Defendant American Multi-Cinema, Inc. (AMC) alleging gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as well as a state-law claim for defamation. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting AMC's motion to dismiss be held in abeyance pending a jury trial on the question of whether a valid arbitration agreement exists. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on November 26, 2019. Clark filed his Objections to the Report (Objections) on December 10, 2019, and AMC filed a reply to the Objections (reply) on December 20, 2019. The Court has reviewed the Objections and holds them to be without merit. It will therefore enter judgment accordingly.

Clark brings the present action alleging gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as well as a claim under South Carolina law for defamation against his former employer, AMC. AMC removed the action to federal court on the basis of a purported arbitration agreement. Clark denies reviewing or signing the purported agreement. The Magistrate Judge determined a material factual dispute existed as to whether the purported arbitration agreement was based on a valid offer and acceptance, and recommended a jury trial on the validity of the purported agreement.

Clark first objects to the Magistrate Judge applying Kansas law in her analysis of the arbitration agreement, arguing a forum selection clause is irrelevant in an unenforceable agreement. Although Clark fails to state which state law should apply, the Court assumes it would be South Carolina law. Even if South Carolina's preference for enforcing choice-of-law provisions was inapplicable to questions on overall contract validity, however, the analysis would have been the same. South Carolina and Kansas require the same elements to establish a valid contract. *Compare Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.E.2d 161, 166 (S.C. 2003) ("The necessary elements of a contract are offer, acceptance, and valuable consideration.") *with M West, Inc. v.*

*Oak Park Mall, L.L.C.*, 234 P.3d 833, 844 (Kan. Ct. App. 2010) ("[W]e note that all the components of a valid contract are present: offer, acceptance, consideration, and the terms setting forth the rights and obligations of the parties."). As further discussed below, Kansas and South Carolina approach other issues of contract law applicable to this case in sufficiently similar manners. Accordingly, any potential error in applying Kansas law is completely harmless. The Court will overrule this objection.

Clark's second objection relates to the Magistrate Judge concluding AMC met its prima facie burden to authenticate the arbitration agreement. More specifically, Clark argues AMC's spreadsheet is insufficient to establish Clark signed the arbitration agreement.

"To establish that evidence is authentic, a proponent need only present 'evidence sufficient to support a finding that the matter in question is what the proponent claims.'" *United States v. Vidacak,* 553 F.3d 344, 349 (4th Cir. 2009) (quoting Fed. R. Civ. P. 901(a)). This merely requires a court "to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." *Id.*

Both Kansas and South Carolina have adopted the Uniform Electronic Signature Act. *See* Kan. Stat. Ann. § 16-1601 *et seq.*; S.C. Code Ann. § 26-6-10 *et seq.* Under both state's laws, the fact of the person signing the contract may be demonstrated in any manner. *See* Kan. Stat. Ann. § 16-1609(a) ("An electronic record or electronic signature is attributable to a person if it is the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of a security procedure applied to determine the person to which the electronic record or electronic signature was attributable."); S.C. Code Ann. § 26-6-90(a) (same).

AMC's production of the spreadsheet documenting Clark's purported electronic signature, combined with the affidavit from AMC employee Benjamin Bryan confirming the record as a

typical business record for AMC, is sufficient to meet AMC's requirement to establish a prima facie case for the establishment of an arbitration agreement. Accordingly, the Court will also overrule this objection.

As an aside, the Court notes this is not the end of the analysis. Once AMC provided the prima facie evidence of the agreement, the burden shifted to Clark to dispute the validity of the agreement. *See Chorley Enters., Inc. v. Dickey's Barbecue Rest.*, 807 F.3d 553, 564 (4th Cir. 2015) (noting a jury trial is appropriate where one party unequivocally denies a valid agreement exists and presents sufficient evidence to meet the summary judgment standard for a material dispute of fact). Inasmuch as there remains a dispute of material fact as to whether Clark signed the agreement, a jury trial is necessary.

Clark's third objection argues the arbitration agreement is inapplicable to his defamation claim. Clark asserts the purportedly defamatory statements occurred after his termination from AMC and therefore are not covered by the alleged agreement.

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warriors & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960).

The arbitration agreement mandates arbitration for "any other claims or disputes relating to your employment or termination of your employment." Arbitration Agreement at 1. Clark, in his complaint, cites to accusations "of [him] behaving unprofessional, spreading rumor[s], and failing to perform as an Assistant Manager both immediately prior to [his] termination and continuing thereafter," to support his defamation claim. Compl. ¶ 45. Accordingly, the Court

concludes Clark's claim has sufficient connection to his employment to interpret the claim as under the arbitration agreement. The Court will overrule Clark's third objection, too.

Clark's fourth objection is AMC waived its right to arbitration by filing its answer to the complaint without raising a Rule 12(b)(3) affirmative defense. But, "simply failing to assert arbitration as an affirmative defense does not constitute default of a right to arbitration." *Forrester v. Penn Lyon Homes, Inc.*, 553 F.3d 340, 343 (4th Cir. 2009). A party waives its right to arbitrate only when it "so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the [arbitration]." *Id.* (alteration in original) (quoting *Maxum Found., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985)).

AMC filed its motion to dismiss in favor of arbitration seven days after filing its answer to the complaint. AMC, thus, had not substantially utilized the litigation machinery prior to its invocation of its arbitration rights. Accordingly, the Court will overrule this objection as well.

Finally, Clark objects to enforcement of the agreement, arguing it is unconscionable. Clark's argument fails to identify a specific error by the Magistrate Judge, but rather appears to be a general grievance with the outcome recommended by the Magistrate Judge, requiring this Court to conduct only clear error review. *See Orpiano*, 687 F.2d at 47 (stating when a party makes general and conclusory objections which do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations, the district court need not conduct de novo review). The Court identifies no clear error in the Report.

To the extent Clark's objection to the Magistrate Judge's recommendation on unconscionability raises a specific error, it would still fail. Both Kansas and South Carolina have similar standards for invalidating a contract as unconscionable. *Compare Adams v. John Deere Co.*, 774 P.2d 355, 357 (Kan. Ct. App. 1989) (stating a contact is unconscionable only when it is,

under the circumstances, so outrageous and unfair in its wording or its application it shocks the conscience or offends the sensibilities of the court, or is against public policy) *with Lucey v. Meyer*, 736 S.E.2d 274, 283 (S.C. Ct. App. 2012) ("In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them.").

Clark argues the arbitration agreement's provision stating it survives termination of the employment relationship, even if the claim arises or is asserted after termination makes the entire agreement unconscionable. The Court disagrees. The agreement here fails to shock the conscious and is not one-sided. Either party may request arbitration over disputes related to employment matters, even if those claims are asserted or arise after termination. *See* Arbitration Agreement at 1 ("[Y]ou and AMC agree to submit any claims or disputes relating to your employment or the termination of your employment to a final and binding arbitration."). Accordingly, the Court will overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Clark's objections, adopts the Report to the extent it does not contradict this order, and incorporates it herein. Therefore, it is the judgment of the Court AMC's motion to dismiss is **HELD IN ABEYANCE** and a jury trial shall be held on the validity of the arbitration agreement.

**IT IS SO ORDERED.**

Signed this 27th day of May 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE